UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLUSEGUN B. LERAMO, | No. 1:19-cv-00090-DAD-JLT |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DISMISSING ACTION WITH PREJUDICE |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | (Doc. Nos. 11, 14, 15) |

This matter is before the court on defendant Wells Fargo Bank, N.A.'s ("Wells Fargo")

motion to dismiss (Doc. No. 11), defendant First American Title Insurance Company's ("First

American") motion to dismiss (Doc. No. 14), and First American's motion to strike (Doc. No.

15). On April 2, 2019, those motions came before the court for hearing. No appearance was

made on behalf of plaintiff Olusegun B. Leramo.[1] Attorneys Kevin Asfour and Jennifer Nagle

appeared on behalf of defendant Wells Fargo, and attorney Daniel Queen appeared on behalf of

defendant First American. Having considered the defendants' briefing, and having heard from

---

[1] Less than an hour before oral argument in this matter was scheduled to commence, the
undersigned's chambers received a communication from the office of plaintiffs' counsel,
informing the court that plaintiff's attorney, Francisco Aldana, was ill and requesting a
continuance of the hearing. In light of attorney Aldana's failure to meaningfully participate in
this case, and in light of the straightforward nature of defendants' motions, the court finds that
further hearing on this matter is unnecessary. *See* Local Rule 230(g), (i).

defendants' counsel, the court will grant the motions to dismiss and deny First American's motion to strike as moot.

**BACKGROUND[2]**

This action is the latest in a string of cases arising out of foreclosure proceedings initiated against property located at 8805 O'Meara Court, Bakersfield, CA 93311 (the "Property"). Plaintiff and his wife purchased this property in 2004, financing the purchase by obtaining a loan from Wells Fargo secured by a deed of trust on the property. (Doc. No. 16-3 at ¶¶ 12–13.) On November 20, 2012, plaintiff filed for bankruptcy protection under Chapter 11, which was subsequently converted to Chapter 7 on July 11, 2014. (*Id.* at 14.) Plaintiff received a bankruptcy discharge on November 18, 2014. (*Id.*)

In March 2015, a Substitution of Trustee was executed and recorded in the Official Records of the Kern County Recorder's Officer, whereby First American was named the new trustee. (*Id.* at ¶ 16.) That same month, a Notice of Default and Election to Sell Under Deed of Trust was executed and recorded, which stated in relevant part that the plaintiff owed $59,149.41. (*Id.* at ¶ 17.) On June 18, 2015, a Notice of Trustee Sale was executed and recorded against the Property. (*Id.* at ¶ 18.)

On July 14, 2015, two days prior to the planned sale of the property, plaintiff and his wife commenced an action in Kern County Superior Court against First American and Wells Fargo. *See Leramo v. Wells Fargo et al.*, No. BCV-15-100445 (the "2015 Action"). (Doc. No. 16-10 at 1.) In that action plaintiff alleged that in the days leading up to the sale, he had submitted documentation to Wells Fargo in an attempt to have the terms of the loan modified, but that Wells Fargo wrongfully denied plaintiff's application. (Doc. No. 16-3 at ¶¶ 19–23.) Plaintiff also asserted violations of California Civil Code §§ 2923.6(c), 2924.10(a), and 2923.55(b), negligence, an action to quiet title, breach of contract and the covenant of good faith and fair dealing, and violation of California Business and Professions Code § 17200. (*Id.* at ¶¶ 37–121.)

---

[2] Much of the factual background of this case is drawn from documents submitted by defendants in connection with the pending motions. The court takes judicial notice of these documents for the reasons set forth below.

2

On December 28, 2015, First American's demurrer was sustained without leave to amend (Doc. No. 16-7 at 2), and on March 15, 2016, Wells Fargo's demurrer was also sustained by the Kern County Superior Court without leave to amend. (Doc. No. 13-3 at 2.)

From 2015 until 2018, plaintiff filed a series of bankruptcy petitions. *See, e.g.*, *In re Olusegun B. Leramo*, No. 15-12789 (Bankr. E.D. Cal.); *In re Olusegun B. Leramo*, No. 16-14260 (Bankr. E.D. Cal.); *In re Olusegun B. Leramo*, No. 17- 11124 (Bankr. E.D. Cal.); *In re Olusegun B. Leramo*, No. 17-14696 (Bankr. E.D. Cal.). Notably, in dismissing the most recent of these cases, the assigned bankruptcy judge found that the action "was filed as part of a scheme to hinder or delay the movant creditor . . . [a]nd this scheme involved the filing of multiple bankruptcy cases, without any intention to prosecute them properly for the purpose of reorganizing." (Doc. No. 16-14 at 3.) That bankruptcy action was ultimately dismissed on March 8, 2018. (Doc. No. 16-15 at 2.)

On May 29, 2018, plaintiff commenced the instant action in Kern County Superior Court. (Doc. No. 1-1 at 22.) On May 30, 2018, plaintiff filed a notice of pendency of action. (Doc. No. 16-16 at 2–4.) On May 31, 2018, the Property was sold at a public auction. (Doc. No. 16-17 at 3.) On November 27, 2018, the Kern County Superior Court Judge handling this matter held a case management conference at which plaintiff's counsel failed to appear. (Doc. No. 16-18 at 2.) Plaintiff's counsel was sanctioned $250.00 for failing to appear and for failing to file a case management conference statement. (Doc. No. 16-19 at 5.) On January 18, 2019, defendants removed the action to this federal court. (Doc. No. 1.) On February 22, 2019, defendants each filed motions to dismiss (Doc. Nos. 11, 14), and defendant First American filed a motion to strike the class allegations contained in plaintiff's complaint. (Doc. No. 15.) Plaintiff failed to file oppositions to any of these pending motions.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on such a motion, the court may consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**ANALYSIS**

**A.    Defendants' Request for Judicial Notice**

Before addressing the merits of defendants' motions, the court first addresses defendants' requests for judicial notice. (Doc. Nos. 13, 17.) Wells Fargo asks the court to take judicial notice of five exhibits: (1) the docket in *Leramo v. Wells Fargo Bank, N.A.*, No. BCV-15-100445, in the

Kern County Superior Court; (2) the first amended complaint filed in that case; (3) a minute order

sustaining defendants' demurrers to that complaint; (4) the judgment in defendants' favor in that

case; and (5) a copy of the Trustee's Deed Upon Sale, publicly recorded on June 12, 2018 in the

Kern County Official Records as Doc # 218073252. (Doc. No. 13 at 1–2.) Meanwhile, First

American asks the court to take judicial notice of a total of 19 documents. (Doc. No. 17 at 2–4.)

Broadly speaking, these documents fall into four categories: (1) pleadings or other filings in the

Kern County Superior Court and U.S. Bankruptcy Court for the Eastern District of California; (2)

orders issued by the Kern County Superior Court and the Bankruptcy Court in actions brought by

plaintiff; (3) copies of the Kern County Superior Court's electronic dockets for both the 2015

Action and for this action prior to its removal; and (4) certified copies of notices of pendency of

action and a trustee's deed upon sale recorded in the Kern County Official Records.

"As a general rule, 'a district court may not consider any material beyond the pleadings in

ruling on a Rule 12(b)(6) motion.'" *Lee*, 250 F.3d at 688 (quoting *Branch v. Tunnell*, 14 F.3d

449, 453 (9th Cir. 1994)). Doing so converts a motion to dismiss for failure to state a claim under

Rule 12(b)(6) into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

However, courts recognize two exceptions to this rule: "the incorporation-by-reference doctrine,

and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*,

899 F.3d 988, 998 (9th Cir. 2018). The Ninth Circuit has explained the incorporation-by-

reference doctrine as follows:

> [I]ncorporation-by-reference doctrine is a judicially created doctrine
> that treats certain documents as though they are part of the complaint
> itself. The doctrine prevents plaintiffs from selecting only portions
> of documents that support their claims, while omitting portions of
> those very documents that weaken—or doom—their claims.

*Id.* at 1002. Even if not directly attached to a complaint, a document "may be incorporated by

reference into a complaint if the plaintiff refers extensively to the document or the document

forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

2003). However, a complaint's "mere mention of the existence of a document is insufficient to

incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th

Cir. 2010); *see also Khoja*, 899 F.3d 988 at (noting that "if the document merely creates a defense

to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims.").

Meanwhile, Federal Rule of Evidence 201 permits courts to take judicial notice of an adjudicative fact if that fact "is not subject to reasonable dispute" because it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." Fed. R. Evid. 201(b). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. For this reason, courts should not take judicial notice of a fact contained within a document if that fact "is subject to varying interpretations, and there is reasonable dispute as to what [the document] establishes." *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011).

The court deals first with Wells Fargo's request for judicial notice. (Doc. No. 13.) The first four items are court documents from the 2015 Action: the docket, the first amended complaint, the order sustaining defendants' objections, and the judgment in defendants' favor, respectively. The court finds that it may take judicial notice of all four of these documents because the accuracy of these filings cannot reasonably be questioned. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs, pleadings, memoranda, expert reports, and other documents filed in prior litigation). The court also takes judicial notice of the fifth item, as courts routinely take judicial notice of facts contained within a trustee's deed upon sale. *See, e.g.*, *Heinrich v. Ditech Fin., LLC*, No. 1:18-cv-00664-DAD-SKO, 2019 WL 1004577, at *4 (E.D. Cal. Mar. 1, 2019); *Swartz v. Nationstar Mortg., LLC*, No. CV 14-08649 BRO JCX, 2015 WL 846789, at *3 (C.D. Cal. Feb. 26, 2015); *De Luna v. MERS*, No. CV 11–00098 GAF (OPx), 2011 WL 13224817, at *1 (C.D. Cal. Feb. 14, 2011).

The court next addresses First American's request for judicial notice. (Doc. No. 17.) The first category of documents are court filings in either the 2015 Action or in bankruptcy

proceedings, some of which the court has already taken judicial notice.  Filings in both state court

proceedings and in bankruptcy proceedings are proper subjects of judicial notice, and the court

will do so here.  *See Fid. Nat'l Title Co. v. U.S. Small Bus. Admin.*, No. 2:13-cv-02030-KJM-AC,

2015 WL 7077407, at *3 (E.D. Cal. Nov. 13, 2015); *Deschaine v. IndyMac Mortg. Servs.*, No.

2:13-cv-01991-WBS-CKD, 2013 WL 6054456, at *2 (E.D. Cal. Nov. 15, 2013).  The court

similarly takes notice of court orders issued in those same proceedings.  *See U.S. ex rel. Robinson*

*Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating that courts

"'may take notice of proceedings in other courts, both within and without the federal judicial

system, if those proceedings have a direct relation to matters at issue'") (quoting *St. Louis Baptist*

*Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).  The court next takes judicial

notices of the dockets of the 2015 Action and the state court docket of this action prior to

removal.  *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005)

(taking judicial notice of the docket in a prior proceeding).  Finally, the court takes judicial notice

of notices of pendency of action recorded in the Kern County Official Records.  *See Mann v.*

*Nationstar Mortg., LLC*, 632 Fed. App'x 410, 412 (9th Cir. 2016)[3] (concluding that the district

court erred by failing to take judicial notice of a printout from a county recorder's office and a

copy of a recorded deed of trust); *Barefield v. HSBC Holdings PLC*, No. 1:18-cv-00527-LJO-

JLT, 2018 WL 5784707, at *3 (E.D. Cal. Nov. 1, 2018) (taking judicial notice of a notice of

pendency of action filed in the Kern County Recorder's Office).

In sum, both requests for judicial notice are granted in full.

/////

/////

/////

/////

/////

/////

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

**B.      Whether This Action Must Be Dismissed on the Basis of Claim Preclusion**

Defendants each argue that plaintiff's action is barred by the doctrine of claim preclusion.[4] (Doc. No. 12 at 11–14; Doc. No. 14-1 at 13–17.)  Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Glickman*, 123 F.3d at 1192.  Accordingly, the court must determine whether the 2015 Action bars the present litigation.

In determining whether a subsequent action is barred by claim preclusion, "federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984) and *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2001)).  "Claim preclusion arises if a second suit involves:  (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings*, 61 Cal. 4th at 824.  The court examines each element in turn.

"To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have consistently applied the primary rights theory." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010) (internal quotation marks omitted). "Under this theory, 'a cause of action arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests." *Id.* at 797–98 (internal brackets and ellipses omitted) (quoting *McKee v. Dodd*, 152 Cal. 637, 641 (1908)).  "[T]he determinative factor is the harm suffered.  When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.* at 798; *see also Ione Valley Land, Air, & Water Def. All., LLC v. County of Amador*, 33 Cal. App. 5th 165, ___, No. C081893, 2019 WL 1275354, at *3 (Feb. 26, 2019) ("A claim in

---

[4] California courts have been arguably inconsistent regarding the nomenclature of this doctrine. For instance, courts have frequently used the term *res judicata* "as an umbrella term encompassing both claim preclusion and issue preclusion." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 823 (2015).  However, other courts use the term *res judicata* as synonymous only with claim preclusion. *See W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  To avoid any confusion, this order refers exclusively to claim preclusion rather than *res judicata*.

the present proceeding is based on the same primary right if based on the same conditions and facts in existence when the original action was filed."), *as modified* (Mar. 20, 2019); *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983) ("[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.").

First, the court analyzes whether this action involves the same primary right as the 2015 Action. In the 2015 Action, plaintiff's first amended complaint alleged that "[p]laintiff submitted a loss mitigation application as instructed by Defendant Wells Fargo," but that after multiple conversations with Wells Fargo representatives, plaintiff's loan modification application was denied. (Doc. No. 16-3 at ¶¶ 19–23.) On this basis, the first amended complaint contended that "[d]efendants and their agents have failed to comply with California's Homeowner Bill of Rights and have regularly and repeatedly violated several of its prohibitions." (*Id.* at ¶ 33.) Meanwhile, the operative complaint in this case alleges that plaintiff seeks to represent "[a]ll residents of the California [*sic*] who had a loan serviced by Defendant, who were misled with the failure of Defendant's [*sic*] to comply with loss mitigation requirements, including loan modifications, under federal or state law[.]" (Doc. No. 1-1 at 8.) Plaintiff further alleges that he "desir[ed] to secure loss mitigation assistance with [his] loan" by submitting loan modification documents to defendants, but that defendants refused to process his application. (*Id.* at ¶¶ 48–50.)

Even drawing all reasonable inferences in plaintiff's favor, as the court is required to do on a motion to dismiss, *see Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013), the court concludes that plaintiff seeks to vindicate the same primary right in this action as he did in his 2015 Action. Stated generally, the primary right in both the 2015 Action and in these proceedings is the right to be provided with home loan modification options prior to the commencement of foreclosure proceedings.[5] Both complaints are replete with allegations to this

---

[5] Although the court is unaware of any California court to have previously recognized this primary right, the definition is in accord with the primary rights recognized in other cases. *See, e.g.*, *Boeken*, 48 Cal. 4th at 798 ("The primary right was the right not to be wrongfully deprived of spousal companionship and affection[.]"); *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888,

9

1  effect. Although plaintiff now alleges different causes of action than in the 2015 Action, that fact

2  is not dispositive in determining whether a different primary right is being asserted. As stated

3  above, the key factor is the "harm suffered," which in both cases is the foreclosure and eventual

4  sale of the Property. *Boeken*, 48 Cal. 4th at 798. Accordingly, the court concludes that the first

5  prong of the claim preclusion analysis is satisfied here.

6           Second, the court must determine whether this suit involves the same parties as the 2015

7  Action. *See People v. Barragan*, 32 Cal. 4th 236, 253 (2004) (requiring that "the party against

8  whom the doctrine is being asserted was a party or in privity with a party to the prior

9  proceeding"). Here, defendants seek to assert claim preclusion against Olusegun B. Leramo. The

10  first amended complaint to the 2015 Action indicates that Mr. Leramo was a named plaintiff in

11  that action (Doc. No. 16-3 at 2), and the complaint in this action also names him as a plaintiff.

12  (Doc. No. 1-1 at 3.) Although the complaint in this action also names putative class members as

13  plaintiffs, that fact does not preclude application of the doctrine of claim preclusion. As many

14  courts have noted, "in ruling on a motion to dismiss a class action complaint prior to class

15  certification, courts generally consider only the claims of the named plaintiff." *Cheng v. BMW of

16  N. Am., LLC*, No. CV 12-09262 GAF SHX, 2013 WL 3940815, at *4 (C.D. Cal. July 26, 2013);

17  *see also Speyer v. Avis Rent a Car Sys., Inc.*, 415 F. Supp. 2d 1090, 1094 (S.D. Cal. 2005) (same),

18  *aff'd*, 242 Fed. App'x 474 (9th Cir. 2007); *Barth v. Firestone Tire and Rubber Co.*, 661 F. Supp.

19  193 (N.D. Cal. 1987) (same). The court finds that this action involves the same plaintiff,

20  Olusegun B. Leramo, who litigated the 2015 Action.

21           Finally, the court considers whether there was a final judgment on the merits in the prior

22  suit. As discussed above, the Kern County Superior Court sustained the demurrers of First

23  American and Wells Fargo without leave to amend, following which judgment was entered in

24  defendants' favor. This is sufficient to constitute a final judgment on the merits. *See Palomar

25  Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993); *Silas v. Select

26  ─────────────────
   909 (2002) (concluding that both actions "were based on the violation of the same primary right,

27  Monsanto's breach of contract"); *Acuna v. Regents of Univ. of Cal.*, 56 Cal. App. 4th 639, 649
   (1997) ("Here the race and ethnicity claims, whether brought under Title VII or the FEHA, arise

28  from the same primary right: the right to be free of invidious employment discrimination.").

10

*Portfolio Servicing, Inc.*, No. 1:17-cv-00012-DAD-JLT, 2017 WL 2214937, at *5 (E.D. Cal. May 19, 2017).

Accordingly, the court concludes that claim preclusion applies to this action, and that all of plaintiff's causes of action must be dismissed. Because claim preclusion is sufficient to resolve the pending motions, the court does not reach defendants' alternative arguments contained therein.

## CONCLUSION

For these reasons,

1.    Defendants' motions to dismiss (Doc. Nos. 11, 14) are granted;

2.    Defendant First American's motion to strike (Doc. No. 15) is denied as having been rendered moot by this order;

3.    This action is dismissed with prejudice; and

4.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 16, 2019**                                    _____

                                                                          UNITED STATES DISTRICT JUDGE

11