UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLUSEGUN B. LERAMO,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | No. 1:19-cv-00090-DAD-JLT<br><br>ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO EXPUNGE LIS PENDENS<br><br>(Doc. No. 25) |

This matter is before the court on the motion of defendant Wells Fargo Bank, N.A. to expunge the lis pendens. Defendant's motion was filed on April 23, 2019. Plaintiff has failed to timely oppose the motion, and is therefore not entitled to be heard. *See* Local Rule 230(c). The court deems the motion suitable for decision without oral argument. *See* Local Rule 230(g). For the reasons that follow, defendant's motion will be granted.

**BACKGROUND**

The factual background has been laid out in a prior order of this court and need not be recounted in full. (*See* Doc. No. 23.) As relevant here, on May 29, 2018, plaintiff commenced this action in Kern County Superior Court. (*See* Doc. No. 1-1.) The following day, plaintiff recorded a Notice of Pendency of Action (aka lis pendens) regarding real property located at 8805 O'Meara Court, Bakersfield, California 93311 (the "Property"). (Doc. No. 25-1 at 2–4.) On May

1

31, 2018, the Property was sold at public auction. (Doc. No. 25-2 at 2–5.) On January 18, 2019, defendant Wells Fargo Bank, N.A. removed the case to this federal court. (Doc. No. 1.) On April 17, 2019, the court dismissed this action with prejudice and entered judgment in favor of defendants. (Doc. No. 23.)

**LEGAL STANDARD**

Federal courts look to the law of the state where the property resides in matters concerning lis pendens. *See* 28 U.S.C. § 1964. California law provides that "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Code Civ. P. § 405.20; *see also Fed. Deposit Ins. Corp. v. Charlton*, 17 Cal. App. 4th 1066, 1069 (1993) ("A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice.") (italics omitted). In opposition to a motion to expunge, the party who recorded the notice of lis pendens has the burden of proof. Cal. Code Civ. P. § 405.30. In order to carry that burden, the recording party must demonstrate that "the pleading on which the notice is based does . . . contain a real property claim" and establish "by a preponderance of the evidence the probable validity of the real property claim." *Id.* at §§ 405.31, 405.32; *see also Malcolm v. Superior Court*, 29 Cal. 3d 518, 525–26 (1981). A real property claim is defined as a claim in a pleading "which would, if meritorious, affect (a) title to, or the right to possession of, specific real property." Cal. Code Civ. P. § 405.4. Probable validity "means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Id.* at § 405.3.

**ANALYSIS**

Here, as noted above, plaintiff has not opposed defendant's motion to expunge the notice of lis pendens. Moreover, the underlying case has been dismissed. Thus, even if plaintiff had opposed defendant's motion, plaintiff could not meet the burden of establishing that the pleading on which the notice is based, i.e. plaintiff's complaint, contains a real property claim of probable validity. Therefore, defendant's motion for an order to expunge the lis pendens should be granted. *See Wadhwa v. Aurora Loan Servs., LLC*, No. CIV S-11-1525 WBS-DAD, 2012 WL

2371304, at *2 (E.D. Cal. June 21, 2012), *report and recommendation adopted*, 2012 WL 3070718 (E.D. Cal. July 26, 2012); *Manlangit v. Nat'l City Mortg.*, No. CIV S–11–1618 JAM EFB PS, 2012 WL 1413985 (E.D. Cal. Apr.23, 2012); *Cornell v. Select Portfolio Servicing, Inc.*, No. CIV S–11–1462 KJM–EFB, 2011 WL 6097721, at *2 (E.D. Cal. Nov.29, 2011) (granting motion to expunge lis pendens where plaintiff's claims were dismissed because "[o]nce that action has been dismissed, the lis pendens serves no purpose, and thus, must be expunged.").[1]

For these reasons,

1. Defendant's motion to expunge the lis pendens (Doc. No. 25) is granted, and the hearing set for May 21, 2019 on that motion is vacated;

2. The Notice of Pendency of Action (a/k/a lis pendens) recorded in the Official Records of the Kern County Assessor-Recorder on May 30, 2018 as document number 218066878 against the property located at 8805 O'Meara Court, Bakersfield, California 93311 is expunged; and

3. Pursuant to California Code of Civil Procedure § 405.60, the Lis Pendens shall not "constitute actual or constructive notice of any of the matters contained, claimed, alleged, or contended therein, or of any of the matters related to the action, or create a duty of inquiry in any person thereafter dealing with the affected property." *See* Cal. Code Civ. P. § 405.60.

IT IS SO ORDERED.

Dated: **May 10, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] The court notes that under California Code of Civil Procedure § 405.38, a prevailing party in a motion to expunge a lis pendens shall be awarded reasonable attorney's fees and costs of making the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust. To the extent defendant seeks such fees and costs, it is directed to file a motion to that effect no later than 28 days from the date of service of this order. *See* Local Rule 293(a).